UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ISATU VILLE,<br><br>            Plaintiff,<br><br>      v.<br><br>LIFE CARE CENTER OF FEDERAL WAY,<br><br>            Defendant. | CASE NO. C13-1498JLR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

## I.  INTRODUCTION

Before the court is Defendant Life Care Center of Federal Way's ("Life Care") motion for summary judgment. (Mot. (Dkt. # 30).) The court has examined the motion, the governing law, the record, and the submissions of the parties. Being fully advised,[1] the court GRANTS the motion.

---

[1] Neither party has requested oral argument, and the court has determined that it would not be helpful in deciding this motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER- 1

## II.   BACKGROUND

This is an employment discrimination case.  (*See generally* Compl. (Dkt. # 1).)  Plaintiff Isatu Ville, who is proceeding pro se, alleges that her former employer, Life Care, treated her unfairly.  (*See id.* at 1-4.)  Specifically, she claims that she had to quit her job because she was scared to continue working after her supervisor, Diane Wright, gave her a poor evaluation without justification or proper notice.  (*Id.*)

The events that gave rise to this lawsuit took place on January 23, 2013.  (Compl. at 4.)  On that day, Ms. Ville went in for her annual performance evaluation with Ms. Wright, Life Care's staffing coordinator.  (*Id.*)  During the evaluation, Ms. Wright stated that she had received a complaint from one of Ms. Ville's co-workers.  (*Id.*)  The complaint alleged that Ms. Ville attacked the co-worker by blocking her with two hands and forcing her to talk to Ms. Ville.  (*Id.*)  Ms. Wright explained that due to that incident she was noting "communication with peers" as an area for improvement in Ms. Ville's performance review.  (*Id.* at 8.)  Ms. Ville claims that the incident with the co-worker never occurred.  (*Id.* at 2.)

On January 29, 2013, Ms. Ville sent a letter to the Director of Nursing Services at Life Care titled "Notice I stop Work."  (*Id.* at 9.)  In the letter, Ms. Ville stated that because of the issues raised in her performance evaluation, she did not feel safe coming to work.  (*Id.*)  On February 13, 2013, Ms. Ville filed a charge against Life Care with the Equal Employment Opportunity Commission ("EEOC") and the Washington State Human Rights Commission ("HRC") alleging race and national origin discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Washington Law

Against Discrimination ("WLAD"). (Lipscomb Decl. (Dkt. # 30) Ex. A, Ex. B.) The HRC found that the charge did not meet the legal standard necessary to support a discrimination claim and closed the file. (*Id.* Ex. B.) The EEOC adopted the findings of the HRC and closed Ms. Ville's case, issuing a Notice of Rights on June 17, 2013, that informed Ms. Ville of her right to file suit within 90 days. (*Id.* Ex. C.) Ms. Ville timely filed the instant action on August 21, 2013. (*See* Compl.)

### III.   ANALYSIS

Ms. Ville alleges that she was treated unfairly in her performance evaluation. (*Id.* at 2.) Although the precise nature of Ms. Ville's allegations is unclear from her complaint, attached to her complaint is the Notice of Rights issued by the EEOC. (*Id.* at 10.) In the corresponding charges that she submitted to the EEOC, Ms. Ville alleged discrimination on the basis of race and national origin. (Lipscomb Decl. Ex. A.) As such, the court construes her complaint as alleging discrimination under Title VII on the same basis. *See Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally . . . ."). The complaint also does not indicate whether Ms. Ville is alleging a cause of action under the WLAD in addition to her Title VII claims (*see generally* Compl.), but because Ms. Ville filed a charge with the HRC under the WLAD (*see* Lipscomb Decl. Ex. B), the court construes Ms. Ville's complaint as bringing claims under both statutes.

**A.   Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56, "[s]ummary judgment for a defendant is appropriate when the plaintiff fails to make a showing sufficient to establish the

ORDER- 3

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of showing there is "no genuine issue as to any material fact" and he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. A genuine issue exists when a rational fact finder, considering the evidence currently in the record, could find in favor of the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). A fact is material if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the moving party meets its burden, the nonmoving party must go beyond the pleadings and identify facts that show a genuine dispute for trial. *Cline v. Indus. Maint. Eng'g. & Contracting Co.*, 200 F.3d 1223, 1229 (9th Cir. 2000). In judging the sufficiency of the evidence, the court is required to resolve all doubts and draw all reasonable inferences in the non-moving party's favor. *Beard v. Banks*, 548 U.S. 521, 530-31 (2006). If, however, the moving party fails to carry its initial burden of production, the opposing party has no obligation to produce countervailing evidence. *Nissan Fire & Marine Ins. Co. Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000). Ms. Ville's pro se status does not alter the applicability of these general summary judgment rules.[2] *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012); *Semper v.*

---

[2] In fact, in *Jacobsen v. Filler*, 790 F.2d 1362 (9th Cir. 1986), the Ninth Circuit rejected the argument that pro se non-prisoner litigants are entitled to notice from the court concerning Rule 56 requirements. *Id.* at 1364. In doing so, the Ninth Circuit unequivocally stated that "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Id.*

ORDER- 4

*JBC Legal Group*, No. C04-2240L, 2005 WL 2172377, at *1 (W.D. Wash. Sept. 6, 2005).

**B.     Life Care is Entitled to Summary Judgment**

As construed by the court, Ms. Ville's complaint alleges that Life Care discriminated against her on the basis of her race and national origin in violation of the WLAD and Title VII.  Both the WLAD and Title VII provide that it shall be an unlawful employment practice for an employer to discriminate against any employee because of such person's race or national origin.  RCW 49.60.180; 42 U.S.C. § 2000e-2(a)(1).  When analyzing claims under the WLAD, Washington courts look to federal courts' interpretation of Title VII claims.  *See Duplessis v. Golden State Foods*, No. C06-5631RJB, 2007 WL 1127744, at *3 (W.D. Wash. Apr. 16, 2007) (citing *Hill v. BCTI Income Fund-I*, 23 P.3d 440, 445-46 (2001)).

Title VII does not prohibit all unfair treatment in the workplace; rather it is directed only at discrimination "because of" membership in a protected class.  42 U.S.C. § 2000e-2(a)(1); *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80 (1998); *see also* RCW 49.60.180(3) (prohibiting discrimination in the terms and conditions of employment "because  of" a protected status).  Thus, an essential element of every Title VII claim is a causal relationship, however proved, between protected status and the challenged employment action.  *See Oncale*, 533 U.S. at 80-81.  "'[T]he plaintiff one way or another must present evidence showing that . . . a rational jury could conclude that the employer took that adverse action on account of her protected class, . . . .'"  *Hester v. Ind.*

*St. Dept. of Health*, 726 F.3d 942, 946 (7th Cir. 2013) (quoting *Coleman v. Donahoe*, 667 F.3d 835, 863 (7th Cir. 2012) (Wood, J. concurring)).

Ms. Ville fails to establish any connection between Life Care's actions and her race or national origin. Ms. Ville bases her claims on a poor performance evaluation (*see generally* Compl.), but she does not claim—or provide any evidence—that Life Care gave her the poor performance evaluation because of her race or national origin. In fact, Ms. Ville admits that neither her race nor her national origin motivated any of Life Care's actions toward her. (*See* Lipscomb Decl. Ex. D (Plaintiff's Responses to Defendant's First Request for Admissions) at 4-5; *see also* Reply (First) by Plaintiff (Dkt. # 34)[3] at 1.) Her claims under Title VII and the WLAD therefore lack an essential element. *See Oncale*, 533 U.S. at 80-81. Moreover, Ms. Ville's allegations provide no basis for any alternative cause of action against Life Care in this court.

Consequently, the court finds that there is no genuine dispute of material fact on any of Ms. Ville's claims and that Life Care is entitled to judgment as a matter of law.

//

//

//

//

//

---

[3] Ms. Ville filed this document and another (Dkt. # 35) regarding the instant motion well after the time for briefing the motion had passed. Nothing in either document helps Ms. Ville's claims. Instead, as the citation above indicates, the first document contains a further admission that race and national origin had nothing to do with Life Care's treatment of Ms. Ville.

## IV. CONCLUSION

For the reasons discussed above, the court GRANTS Life Care's motion for summary judgment (Dkt. # 30), and DISMISSES Ms. Ville's claims with prejudice.

Dated this 17th day of October, 2014.

JAMES L. ROBART
United States District Judge